UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| **Amber George,** on behalf of herself and all other persons similarly situated, known and unknown,<br><br>Plaintiff,<br><br>vs.<br><br>**Applebee's Services, Inc.**<br><br>Defendant. | No.<br><br>**CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Plaintiff, Amber George ("Plaintiff"), on behalf of herself and all other persons similarly situated who are current or former tipped employees of Defendant, and by and through the undersigned attorney(s), sue Applebee's Services, Inc. ("Applebee's" or "Defendant") and alleges as follows:

## PRELIMINARY STATEMENT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2. This lawsuit also arises under Ohio Revised Code Ann. § 4111.01, § 4113.15, and § 2307.60 for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

3. Plaintiff brings this action on behalf of herself and all similarly-situated current and former tipped employees of Defendant who were compensated at a rate of less than the applicable Ohio and federal minimum wage on account of receiving tips in a given workweek.

4. Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendant for its unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

5. Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendant for their unlawful failure to pay minimum wage and overtime due and owing Plaintiff and others similarly-situated in violation of Ohio Revised Code § 4111.01.

6. Plaintiff brings a collective action under the FLSA to recover the unpaid minimum wages and overtime owed individually and on behalf of all other similarly-situated tipped employees, current and former, of Defendant. Members of the Collective Action are referred to as the "Collective Members."

7. Additionally, Defendant's failure to compensate Plaintiff and all other non-exempt servers and/or bartenders at a rate equal to Ohio's required minimum wage violates Ohio Revised Code § 4111.01. Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Ohio wage laws. Members of the Rule 23 Class Action are referred to as the "Class Members."

8. The Collective Members are all current and former tipped employees who were employed by Defendant at any time starting three years before this Complaint was filed, up to the present.

9. The Class Members are all current and former tipped employees who were employed by Defendant in Ohio at any time starting three years before this Complaint was filed, up to the present

10. At all relevant times, Defendant owned and operated several IHOP and Applebee's restaurants throughout Ohio.

11. Defendant has a policy or practice of paying its employee servers and bartenders sub-minimum hourly wages under the tip-credit provisions of the FLSA.

12. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations. But an employer is *not* permitted to take a tip credit against its minimum wage obligations when it (1) requires its tipped employees to perform non-tipped work that is ***unrelated*** to the employees' tipped occupation (i.e., "dual jobs"); **or** (2) when the employer requires its tipped employees to perform non-tipped that is ***related*** to the employees' tipped occupation such as cleaning and setting tables, toasting bread, making coffee and washing dishes or glasses more than "part of the time" or "occasionally". 29 C.F.R. §531.56(e) ("Dual Jobs" regulation); *Osman v. Grube*, Case No. 16-cv-802, (N.D. Ohio, July 7, 2017) citing favorably to *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time"); *O'Neal v. Denn-Ohio, LLC*, 2020 WL 210801, at *10 (N.D. Ohio January 14, 2020).

13. Moreover, Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA. (*See Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir.1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate). *See also Williams v. Bob Evans Rests., LLC,* Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 *37-48 (W.D. Pa. Aug. 13, 2020) (holding that Ohio law recognizes the same tip credit restrictions as does the FLSA.).

14. Defendant violated the FLSA and Ohio law by enforcing a policy or practice of paying Plaintiff, the Collective Members and the Class Members sub-minimum, tip-credit wages

even when it required those employees to perform non-tipped work that is ***unrelated*** to their tipped occupation (i.e., "dual jobs").

15. Defendant violated the FLSA and Ohio law by enforcing a policy and practice of paying Plaintiff, the Collective Members and the Class Members sub-minimum, tip-credit wages while requiring those employees to perform work that does not provide service to customers for which tipped employees receive tips and does not directly support tip-producing work.

16. Defendant violated the FLSA and Ohio law by enforcing a policy or practice of requiring servers and bartenders to perform non-tipped work that, even if it was ***related*** to their tipped occupation, was performed more than occasionally or part of the time. Instead, Defendant required such ***related*** non-tipped labor to be performed for unreasonable amounts of time that are not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiff's, the Collective Members' and the Class Members' time worked in one or more individual workweeks.

17. Defendant violated the FLSA and Ohio law by enforcing a policy or practice of requiring servers and bartenders to perform non-tipped work that, even if it was ***related*** to their tipped occupation, was performed for more than thirty (30) continuous minutes.

18. Defendant violated the FLSA and Ohio law by enforcing a policy or practice of requiring servers and bartenders to perform non-tipped work that, while directly supporting tip-producing work, exceeded 20 percent of Plaintiff's, the Collective Members' and the Class Members' time in any given workweek.

19. Defendant violated the FLSA and Ohio law by enforcing a policy or practice of requiring servers and bartenders to perform non-tipped work that, even if it was ***related*** to their tipped occupation, was performed more than occasionally or part of the time. Instead, Defendant

required such ***related*** non-tipped labor to be performed for unreasonable amounts of time that are not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiff's, the Collective Members' and the Class Members' time worked in one or more individual workweeks.

20. According to the Department of Labor's ("DOL") Fact Sheet #15, in order to claim a tip credit, the employer must comply with five strict notification requirements.

21. First, the employer must notify the employee of the amount of the cash wage the employer is paying the tipped employee.

22. Second, the employer must notify the tipped employee of the amount the employer is claiming as a tip credit.

23. Third, the employer must inform the tipped employee that the tip credit claimed cannot exceed the actual amount of tips received by the employee. In effect, the employer must inform the employee that the employee must still earn the mandated minimum wage between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

24. Fourth, the employer must notify the tipped employee that all tips received are to be retained by the employee except for a valid tip pooling arrangement.

25. Finally, the tipped employee must be informed by the employer that the tip credit will not apply unless the employee has been informed of these provisions.

26. An employer bears the burden of showing that it has satisfied all of the notification requirements before any tips can be credited against the employee's hourly wage. If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

27. Defendant violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members of the amount of cash wage that Defendant would be paying them prior to taking the tip credit.

28. Defendant violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members and the Class Members of the amount of cash wage that Defendant would be paying them each time the Ohio minimum wage increased.

29. Defendant violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members of the amount that Defendant would be claiming as a tip credit prior to taking the tip credit.

30. Defendant violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members of the amount that Defendant would be claiming as a tip credit each time that the Ohio minimum wage increased and the amount of the tip credit they were claiming changed accordingly.

31. Defendant violated the FLSA and Ohio by failing to inform Plaintiff, the Collective Members, and the Class Members that they must still earn the mandated minimum wage between the amount of the tip credit taken by the employer and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's, the Collective Members' and the Class Members' wages.

32. Defendant violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members that notify that all tips received are to be retained by the employee except for a valid tip pooling arrangement prior to taking the tip credit against Plaintiff's, the Collective Members' and the Class Members' wages.

## JURISDICTION AND VENUE

33. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

34. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

35. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff, the Collective Members, and the Class Members occurred within the Southern District of Ohio, and Defendants regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

36. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37. Plaintiff individual residing in Huber Heights, Ohio.

38. Plaintiff was employed as a server at Defendant's IHOP restaurant in Huber Heights, Ohio from approximately February, 2025 until approximately May, 2025.

39. At all material times, Plaintiff was paid by Defendant as a tipped employee under the FLSA and Ohio.

40. Defendant employed Plaintiff performed various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning, bar prep, stocking, other side work.

41. At all material times, Plaintiff was an employee of Defendant as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

42. Plaintiff has given her written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as Exhibit A.

43. At all material times, Applebee's was a corporation duly licensed to transact business in the State of Ohio.

44. Applebee's does business, has offices, and/or maintains agents for the transaction of its customary business within the Southern District of Ohio.

45. Applebee's is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

46. Under the FLSA, Applebee's is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Applebee's had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendant. Having acted in the interest of Applebee's in relation to the company's employees, including Plaintiff, Applebee's is subject to liability under the FLSA.

47. At all material times, Applebee's was Plaintiff's and the Class Members' "employer," as defined by Ohio Revised Code Ann. § 4111, *et seq.*

## STATEMENT OF FACTS

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. Plaintiff and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

50. At all material times, Plaintiff and the Class Members, in their work for Defendant, were employed by an enterprise engaged in commerce that has annual gross volume of sales made for business in excess of $372,000 exclusive of excise taxes at the retail level which are separately stated.

51. Defendant paid Plaintiff, the Collective Members, and the Class Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m).

52. Defendant regularly and frequently required Plaintiff, the Collective Members and the Class Members to perform a number of non-tipped duties ***unrelated*** to their tipped occupations and not in direct support of tip-producing work, examples of which include but are not limited to: cleaning the coolers, cleaning throughout the front of the house, cutting fruit and back up fruit, making tea and coffee, transferring syrups, mopping the floors, dusting, cleaning out coolers, stocking the coolers, changing labels, and changing sodas.

53. Defendant paid Plaintiff, the Collective Members and the Class Members a sub-minimum wage for all hours that they worked for Defendants, including the periods during which Plaintiff, the Collective Members and the Class Members were performing non-tipped duties.

54. Defendant regularly and frequently required Plaintiff, the Collective Members and the Class Members to perform a number of non-tipped duties ***related*** to their tipped occupation and directly supporting tip-producing work, examples of which include but are not limited to, prepping the bar, sweeping the floors, including the bathroom, brewing coffee, filling ice bins, stocking the bar, and cleaning the soda guns.

55. Defendant required Plaintiff, the Collective Members and the Class Members to perform such ***related*** non-tipped tasks more than occasionally or part of the time.

56. Defendant required Plaintiff, the Collective Members and the Class Members to perform such ***related*** non-tipped tasks for unreasonable amounts of time that were not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiff's, the Collective Members' and the Class Members' time worked in one or more individual workweeks.

57. Defendant required Plaintiff, the Collective Members and the Class Members to perform such ***related*** non-tipped tasks for periods of time that were greater than thirty continuous minutes.

58. Defendant violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members of the amount of cash wage that Defendant would be paying them prior to taking the tip credit.

59. Defendant violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members and the Class Members of the amount of cash wage that Defendant would be paying them each time the Ohio minimum wage increased.

60. Defendant violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members of the amount that Defendant would be claiming as a tip credit prior to taking the tip credit.

61. Defendant violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members of the amount that Defendant would be claiming as a tip credit each time that the Ohio minimum wage increased and the amount of the tip credit they were claiming changed accordingly.

62. Defendant violated the FLSA and Ohio by failing to inform Plaintiff, the Collective Members, and the Class Members that they must still earn the mandated minimum wage between the amount of the tip credit taken by the employer and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's, the Collective Members' and the Class Members' wages.

63. Defendant violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members that notify that all tips received are to be retained by the employee except for a valid tip pooling arrangement prior to taking the tip credit against Plaintiff's, the Collective Members' and the Class Members' wages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

66. Plaintiff asserts those claims on behalf of herself, and on behalf of all similarly situated tipped employees employed by Defendant, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendant's compensation policies and practices.

67. Plaintiff seeks to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any restaurant owned or operated by Defendant and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

68. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff and similarly situated employees' claims arise out of Defendant's willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendant within three years from the filing of this Complaint.

69. Upon information and belief, Defendant has employed thousands of tipped employees during the period relevant to this action.

70. The identities of these employees, as a group, are known only to Defendant. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

71. Because these similarly situated tipped employees are readily identifiable by Defendant and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

72. Collective adjudication is appropriate in this case because the tipped employees whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff has been subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

## OHIO CLASS ACTION ALLEGATIONS

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. Plaintiff brings his Ohio wage claims as a Rule 23 class action on behalf of the following Class Members:

> **The Class Members are all of Defendant's current and former employees who worked in Ohio and were paid an hourly rate of less than the Ohio minimum wage on account of their receiving tips, starting three years before this lawsuit was filed up to the present.**

75. Numerosity. The number of Class Members is believed to be over one hundred. This volume makes bringing the claims of each individual Class Member before this Court impracticable. Likewise, joining each individual Class Member as a plaintiff in this action is impracticable. Furthermore, the identity of the Class Members will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class Members and Defendant.

76. Typicality. Plaintiff's claims are typical of the Class Members because like the Class Members, Plaintiff was subject to Defendant's uniform policies and practices and was compensated in the same manner as the other Class Members. Defendant regularly failed to compensate Plaintiff and the Class Members the proper minimum wage.

77. Adequacy. Plaintiff is a representative party who will fairly and adequately protect the interests of the Class Members because it is in her interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Ohio law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the Class Members she seeks to represent.

78. Commonality. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

a. Whether Defendant took a tip credit for impermissible non-tipped tasks;

b. Whether Defendant took a tip credit for impermissible periods of time;

c. Whether Defendant took a tip credit without first complying with all notice requirements.

d. Whether Defendant permitted Plaintiff and the Class Members to retain all tips; and

e. Whether Defendant paid Plaintiff and Class Members all earned wages in the time period required by the Ohio Prompt Pay Act.

79. Common issues of law include, but are not limited to:

a. Whether Defendant properly paid all minimum wages due and owing to Plaintiff and the Class Members;

b. Whether Defendant was entitled to impose a tip credit on the wages of Plaintiff and the Class Members;

c. Whether Plaintiff and the Class Members are entitled to compensatory damages; and

d. The proper measure of damages sustained by Plaintiff and the Class Members.

80. Superiority. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any of the Class Members could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the system. Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits. Prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

81. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Members are readily identifiable from Defendant's records.

82. This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees; (3) the burden is on Defendant to accurately record hours worked by employees; and (4) the burden is on Defendant to prove it properly imposed the tip credit upon its employees.

83. Ultimately, a class action is a superior forum to resolve the Ohio state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff and the Class Members according to applicable Ohio laws.

**COUNT ONE: IMPROPER NON-TIPPED LABOR UNDER THE FLSA**
**(on behalf of Plaintiff and the Collective Members)**

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq.,29 C.F.R. § 531.56(e), and relevant case law by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendant, to perform non-tipped labor ***unrelated*** to their tipped occupations and not in direct support of tip-producing work, examples of which include but are

not limited to: cleaning the coolers, cleaning throughout the front of the house, cutting fruit and back up fruit, making tea and coffee, transferring syrups, mopping the floors, dusting, cleaning out coolers, stocking the coolers, changing labels, and changing sodas.

86. Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq.,29 C.F.R. § 531.56(e), and relevant case law by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendants, to perform non-tipped labor ***related*** to or in direct support of their tip-producing work more than "part of the time" or occasionally.

87. Plaintiff and the Collective members performed such ***related*** non-tipped labor for unreasonable amounts of time that were not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek.

88. Plaintiff and the Collective Members performed such ***related*** non-tipped labor for periods of time greater than thirty continuous minutes.

89. Examples of such non-tipped labor ***related*** to their tipped occupation of servers, examples of which include but are not limited to, prepping the bar, sweeping the floors, including the bathroom, brewing coffee, filling ice bins, stocking the bar, and cleaning the soda guns.

90. Defendant knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendant was aware of the FLSA's minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

91. Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**COUNT TWO: IMPROPER FLSA TIP CREDIT NOTICE**
**(on behalf of Plaintiff and the Collective Members)**

92. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

93. Plaintiff and the Collective Members were paid a tip credit wage at all relevant times.

94. Defendant violated the FLSA by failing to inform Plaintiff and the Collective Members that Defendant would be paying them at least $2.13 per hour prior to taking the tip credit.

95. Defendant violated the FLSA by failing to inform Plaintiff and the Collective Members the amount of the hourly wage that Defendant were required to pay them each time that the Ohio minimum wage increased.

96. Defendant violated the FLSA by failing to inform Plaintiff and the Collective Members that Defendant would be claiming a tip credit not to exceed $5.12 per hour prior to taking the tip credit.

97. Defendant violated the FLSA by failing to inform Plaintiff and the Collective Members of the amount of the tip credit that Defendants would be claiming against their wages each time that tip credit amount changed in accordance with the annual increases of the Ohio minimum wages.

98. Defendant violated the FLSA by failing to inform Plaintiff and the Collective Members that they must still earn at least $7.25 per hour between the amount of the tip credit taken

by Defendant and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's and the Collective Members' wages.

99. Defendant violated the FLSA by failing to inform Plaintiff and the Collective Members that all tips received are to be retained by the employee except for a valid tip pooling arrangement prior to taking the tip credit against Plaintiff's and the Collective Members' wages.

100. Defendant knew that – or acted with reckless disregard as to whether – its tip credit practices and failure to pay Plaintiff and the Collective Members would violate federal law, and Defendant was aware of the FLSA's minimum wage requirements during Plaintiff's and the Collective Members' employment with Defendant. As such, Defendant's conduct constitutes a willful violation of the FLSA.

**COUNT THREE: IMPROPER NON-TIPPED LABOR IN VIOLATION OF OHIO LAW**
**(on behalf of Plaintiff and the Class Members)**

101. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

102. Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA. (*See Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir.1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate). *See also Williams v. Bob Evans Rests., LLC,* Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 *37-48 (W.D. Pa. Aug. 13, 2020) (holding that Ohio law recognizes the same tip credit restrictions as does the FLSA.).

103. Defendant violated Ohio law by requiring Plaintiff and the Class Members in a given workweek, and during each and every workweek Plaintiff and the Class Members were employed by Defendants, to perform non-tipped labor ***unrelated*** to their tipped occupations and not in direct support of tip-producing work, examples of which include but are not limited to:

cleaning the coolers, cleaning throughout the front of the house, cutting fruit and back up fruit, making tea and coffee, transferring syrups, mopping the floors, dusting, cleaning out coolers, stocking the coolers, changing labels, and changing sodas.

104. Defendant violated Ohio law by requiring Plaintiff and the Class Members in a given workweek, and during each and every workweek Plaintiff and the Class Members were employed by Defendant, to perform non-tipped labor ***related*** to or in direct support of their tip-producing work more than "part of the time" or occasionally.

105. Plaintiff and the Class Members performed such ***related*** non-tipped labor for unreasonable amounts of time that were not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek.

106. Plaintiff and the Class Members performed such ***related*** non-tipped labor for periods of time longer than thirty continuous minutes.

107. Examples of such non-tipped labor ***related*** to their tipped occupation of servers include, but are not limited to, prepping the bar, sweeping the floors, including the bathroom, brewing coffee, filling ice bins, stocking the bar, and cleaning the soda guns.

108. Defendant knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Class Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate Ohio law and Defendant was aware of Ohio's minimum wage requirements during Plaintiff's and the Class Members' employment. As such, Defendant's conduct constitutes a willful violation of Ohio law.

109. Plaintiff and the Class Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to two-times all such unpaid wages, together with interest, reasonable attorneys' fees, and costs.

**COUNT FOUR: IMPROPER OHIO TIP CREDIT NOTICE**
**(On behalf of Plaintiff and the Class Members)**

110. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

111. Plaintiff and the Class Members were paid a tip credit wage at all relevant times.

112. In 2022, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that Defendant would be paying them at least $4.65 per hour prior to taking the tip credit.

113. In 2022, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that Defendant would be claiming a tip credit not to exceed $4.65 per hour prior to taking the tip credit.

114. In 2022, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that they must still earn at least $9.30 per hour between the amount of the tip credit taken by Defendant and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's and the Class Members' wages.

115. In 2023, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that Defendant would be paying them at least $5.05 per hour prior to taking the tip credit.

116. In 2023, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that Defendant would be claiming a tip credit not to exceed $5.05 per hour prior to taking the tip credit.

117. In 2023, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that they must still earn at least $10.10 per hour between the amount of the tip credit

taken by Defendant and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's and the Class Members' wages.

118. In 2024, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that Defendant would be paying them at least $5.25 per hour prior to taking the tip credit.

119. In 2024, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that Defendant would be claiming a tip credit not to exceed $5.20 per hour prior to taking the tip credit.

120. In 2024, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that they must still earn at least $10.45 per hour between the amount of the tip credit taken by Defendant and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's and the Class Members' wages.

121. In 2025, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that Defendant would be paying them at least $5.35 per hour prior to taking the tip credit.

122. In 2025, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that Defendant would be claiming a tip credit not to exceed $5.35 per hour prior to taking the tip credit.

123. In 2025, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that they must still earn at least $10.70 per hour between the amount of the tip credit taken by Defendant and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's and the Class Members' wages.

124. At all relevant times, Defendant violated Ohio law by failing to inform Plaintiff and the Class Members that all tips received are to be retained by the employee except for a valid tip pooling arrangement prior to taking the tip credit against Plaintiff's and the Class Members' wages.

125. Defendant knew that – or acted with reckless disregard as to whether – their tip credit practices and failure to pay minimum wage would violate state law, and Defendant was aware of Ohio's minimum wage requirements during Plaintiff's and the Class Members' employment with Defendant. As such, Defendant's conduct constitutes a willful violation of Ohio law.

**COUNT FIVE: OHIO PROMPT PAY ACT**
**(on behalf of Plaintiff and the Class Members)**

135. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

136. During all relevant times, Defendant was covered by O.R.C. § 4113.15, and Plaintiff and the Class Members were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

137. O.R.C. § 4113.15(A) requires that Defendant pay Plaintiff and the Class Members all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

138. By failing to pay Plaintiff and the Class Members all wages due to them under the FLSA and Ohio law, Defendant has also violated the Ohio Prompt Pay Act.

139. Plaintiff's and the Class Members' unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

140. In violating Ohio law, Defendant acted willfully, without a good faith basis and with reckless disregard to Ohio law.

141. As a result of Defendant's willful violation, Plaintiff and Class Members are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**WHEREFORE**, Plaintiff, Amber George, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Defendant for compensation for all unpaid wages, plus liquidated damages, plus treble damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this December 26, 2025.

s/ *Michael L. Fradin*
Michael L. Fradin, Esq. (0091739)
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com